**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Gerald E Baldwin, | No. CV-23-02327-PHX-JAT |
| Plaintiff, | **ORDER** |
| v. | |
| Costco Wholesale Corporation, | |
| Defendant. | |

Pending before the Court is Defendant Costco Wholesale Corporation's ("Costco") motion for leave to file exhibits under seal. (Doc. 33). Specifically, Costco seeks to file the following three exhibits under seal: Exhibit 3 (surveillance footage of the slip and fall at issue in this case), Exhibit 4 ("a portion of Costco's internal Loss Prevention Manual"), and Exhibit 5 ("documentation relating to the . . . safety inspections performed on the date of the subject incident").[1] (Doc. 33 at 2). For the following reasons, the Court will deny this motion.

This is defense counsel's third attempt in this district to file these types of exhibits under seal. (*See* CV-22-947-PHX-DLR, Doc. 48; CV-24-271-PHX-KML, Doc. 37). Judge Rayes denied a nearly identical motion. *Sheikh v. Costco Wholesale Corp.*, No. CV-22-00947-PHX-DLR, 2024 WL 455243, at *2 (D. Ariz. Feb. 6, 2024). Judge Lanham recently did the same, noting that because Judge Rayes had denied the previous request, Costco had

---

[1] The Court notes that Costco's description of the exhibits does not match what it actually filed. Exhibit 4 (Doc. 34) is the safety inspection documentation and Exhibit 5 (Doc. 35) is the portion of Costco's Loss Prevention Manual. The Court will refer to the exhibits as described in Costco's motion, not as actually filed.

already filed the documents[2] on the public docket. *Bowen v. Costco Wholesale Corp.*, No. CV-24-00271-PHX-KML, 2025 WL 786517, at *1 (D. Ariz. Mar. 12, 2025). The Court is unclear why Costco again seeks to seal documents that are already in the public record. (CV-22-947-PHX-DLR, Docs. 59, 60). The Court reiterates Judge Lanham's analysis:

> Costco's motion in this case does not explain why it would appropriate to seal a document that is already in the public record. Nor does the motion explain how Costco would be harmed by the disclosure of the documents. Costco has not established there are "compelling reasons" supporting the sealing of these documents. *Ctr. for Auto Safety v. Chrysler Grp.*, LLC, 809 F.3d 1092, 1096 (9th Cir. 2016).

*Bowen*, 2025 WL 786517, at *1.

Similarly, Costco has already filed video surveillance footage in the public record. (CV-22-947-PHX-DLR (USB Drive received by the Clerk's office on February 13, 2024)). The same analysis from that case applies here:

> Costco argues that the surveillance footage "is deserving of protection from use or publication outside the scope of this lawsuit" because "Costco's primary use for its surveillance system is asset protection and theft deterrence[.]" But it is common knowledge that commercial retail businesses routinely use surveillance cameras to protect their wares and deter theft. The unremarkable fact that Costco stores use surveillance cameras is not a compelling reason to seal the footage.

*Sheikh*, 2024 WL 455243, at *1 (internal citation omitted). Accordingly,

**IT IS ORDERED** the motion to seal (Doc. 33) is **DENIED**. If Costco wants the court to consider these exhibits, it must file them on the public docket within **five (5)** days of this order in accordance with LRCiv 5.6(e). This order shall not be sealed.

Dated this 31st day of March, 2025.

James A. Teilborg
Senior United States District Judge

---

[2] In Judge Rayes' case, Costco filed the same excerpt of its Loss Prevention Manual that it seeks to file under seal here as Exhibit 4. (CV-22-947-PHX-DLR, Doc. 59). Costco also filed its "Daily Floor Walk / Safety Inspection" form that was relevant in that case. (CV-22-947-PHX-DLR, Doc. 60). Although the inspection form here is for a different date and location, it is the same general form and same general information.