**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Gerald E Baldwin,<br><br>    Plaintiff,<br><br>v.<br><br>Costco Wholesale Corporation, et al.,<br><br>    Defendants. | No. CV-23-02327-PHX-JAT<br><br>**ORDER** |

Pending before the Court is Defendant Costco Wholesale Corporation's motion for summary judgment, (Doc. 31). Plaintiff Gerald Baldwin did not file a response. For the following reasons, the Court will grant Defendant's motion.

**I.    BACKGROUND**

As indicated above, the pending motion for summary judgment is unopposed. For context, the Court will recount many of the facts as alleged in the complaint. Plaintiff Gerald Baldwin and Decedent Joan Baldwin were married. (Doc. 1-3 at 10). In June 2021, the Baldwins traveled from their home state of Hawaii to Arizona so that Mrs. Baldwin could undergo a liver transplant. (Doc. 1-3 at 10). On July 24, 2021, the Baldwins were at a Costco Warehouse in Phoenix, Arizona. (Doc. 1-3 at 11; Doc. 42 (video surveillance footage received by the Clerk's office on April 4, 2025)). After the Baldwins paid for their items and started for the exit, Mrs. Baldwin slipped on a liquid substance and fell. (Doc. 1-3 at 11; Doc. 42 at 4:08:44 (the fall is captured on the video; the substance is not)). Mr. Baldwin believes the liquid was water. (Doc. 31-2 at 6).

Mrs. Baldwin was badly injured by the fall. (Doc. 1-3 at 11). Consequently, she was ineligible to undergo any liver transplant operation. (Doc. 1-3 at 12). Mrs. Baldwin "was ultimately removed from the transplant list" altogether. (Doc. 1-3 at 12). She passed away on November 16, 2021. (Doc. 1-3 at 13). Plaintiff filed a single-count complaint alleging negligence in Maricopa County Superior Court. (Doc. 1-3 at 8-16). Defendant removed to federal court. (*See generally* Doc. 1).

## II.   LEGAL STANDARDS

### a. Summary Judgment

In a diversity case, a federal court applies state substantive law, but federal procedural law. *See generally Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938). The federal summary judgment standard is procedural, therefore it controls in a diversity case in federal court. *Gasaway v. Nw. Mut. Life Ins. Co.*, 26 F.3d 957, 960 (9th Cir. 1994) ("In diversity cases, procedural issues related to summary judgment are controlled by federal law.").

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A party asserting that a fact cannot be or is genuinely disputed must support that assertion by . . . citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits, or declarations, stipulations . . . admissions, interrogatory answers, or other materials," or by "showing that materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." *Id.* at 56(c)(1)(A-B). Thus, summary judgment is mandated "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

Initially, the movant bears the burden of demonstrating to the Court the basis for the motion and the elements of the cause of action upon which the non-movant will be unable to establish a genuine issue of material fact. *Id.* at 323. The burden then shifts to the non-

movant to establish the existence of material fact. *Id.* A material fact is any factual issue that may affect the outcome of the case under the governing substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The non-movant "must do more than simply show that there is some metaphysical doubt as to the material facts" by "com[ing] forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986) (quoting Fed. R. Civ. P. 56(e)). A dispute about a fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson*, 477 U.S. at 248. The non-movant's bare assertions, standing alone, are insufficient to create a material issue of fact and defeat a motion for summary judgment. *Id.* at 247-48. However, in the summary judgment context, the Court construes all disputed facts in the light most favorable to the non-moving party. *Ellison v. Robertson*, 357 F.3d 1072, 1075 (9th Cir. 2004).

At the summary judgment stage, the Court's role is to determine whether there is a genuine issue for trial. There is no issue for trial unless there is sufficient evidence in favor of the non-moving party for a jury to return a verdict for the non-moving party. *Anderson*, 477 U.S. at 249-50. "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Id.* (citations omitted).

### i. Failure to Respond to Motion for Summary Judgment

If a non-movant fails to respond to a motion for summary judgment, a court is not permitted to grant summary judgment by default. This is true even considering Local Rule of Civil Procedure 7.2(i), which provides "that the Court may deem a party's failure to respond [. . .] as consent to the granting of the motion." *See Finkle v. Ryan*, CV-14-01343-PHX-DGC, 2016 WL 1241878, at *3 (D. Ariz. Mar. 30, 2016) (finding that plaintiff's failure to respond to defendants' motion for summary judgment did not warrant granting the motion despite Local Rule 7.2(i)); *Heinemann v. Satterberg*, 731 F.3d 914, 917 (9th Cir. 2013) (finding that Western District of Washington Local Rule 7(b)(2) conflicts with Federal Rule of Civil Procedure 56 and "cannot provide a valid basis for granting a motion for summary judgment"). Instead, under Federal Rule of Civil Procedure 56, if a summary

judgment motion is unopposed, a court may consider a fact as undisputed. *Heinemann*, 731 F.3d at 917. In the same vein, a court may only consider a movant's asserted fact if it is properly supported as required under Rule 56, regardless of whether the nonmovant responds or disputes the asserted fact. In fact, if a movant fails to meet its initial burden of production, the opposing party need not respond or produce anything. *Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Co., Inc.*, 210 F.3d 1099, 1102-03 (9th Cir. 2000).

Here, Plaintiff has neither responded to Defendant's motion nor filed a brief in opposition to the motion for summary judgment. Regardless, the Court may not grant summary judgment by default against Plaintiff. Rather, the Court may only grant a motion for summary judgment if "there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

### b. Negligence and Premises Liability

Because this is a diversity case, the Court must apply Arizona substantive law. *See Beesley v. Union Pac. R.R. Co.*, 430 F. Supp. 2d 968, 970 (D. Ariz. 2006) (citing *Erie R.R. Co.*, 304 U.S. at 78-79). Generally, to establish a claim for negligence under Arizona law, a plaintiff must prove four elements: "(1) a duty requiring the defendant to conform to a certain standard of care; (2) a breach by the defendant of that standard; (3) a causal connection between the defendant's conduct and the resulting injury; and (4) actual damages." *Gipson v. Kasey*, 150 P.3d 228, 230 (Ariz. 2007). "To establish negligence in a premises liability case under Arizona law, 'the plaintiff must prove either, 1) that the foreign substance or dangerous condition is the result of defendant's acts or the acts of his servants, or 2) that defendant had actual knowledge or notice of the existence of the foreign substance or dangerous condition, or 3) that the condition existed for such a length of time that in the exercise of ordinary care the proprietor should have known of it and taken action to remedy it (i.e., constructive notice).'" *Sheikh v. Costco Wholesale Corp.*, No. CV-22-00947-PHX-DLR, 2024 WL 1175761, at *2 (D. Ariz. Mar. 19, 2024) (quoting *Walker v. Montgomery Ward & Co., Inc.*, 511 P.2d 699, 702 (Ariz. Ct. App. 1973)). Here, based on Defendant's arguments, the Court will focus its inquiry on the issue of breach, which

hinges on notice.[1]

## III. ANALYSIS

To establish the element of breach here, Plaintiff must prove either, 1) that the liquid on the ground was the result of Defendant, 2) that Defendant had actual knowledge or notice, or 3) that Defendant had constructive notice. Defendant claims "the record is devoid of any evidence that a Costco employee cause the liquid to be on the floor." (Doc. 31 at 3). The Court agrees. The question is therefore whether Plaintiff has established actual or constructive notice.

### a. Actual Notice

To establish actual notice, Plaintiff must "present some evidence that others had fallen on, or complained about, [the foreign substance or dangerous condition] on the day of the accident." *Preuss v. Sambo's of Arizona, Inc.*, 635 P.2d 1210, 1212 (Ariz. 1981). Here, Defendant argues Plaintiff has not established actual notice because there is no evidence "that any Costco [customer] had fallen on or complained to Costco about the liquid." (Doc. 31 at 3). Mr. Baldwin testified in his deposition that he was unaware of any "evidence that a Costco employee knew that liquid [] was on the floor prior to [Mrs. Baldwin] slipping upon it." (Doc. 31-2 at 9). Because there is nothing in the record to suggest that Defendant had actual knowledge or notice of the liquid prior to Mrs. Baldwin's fall, Plaintiff must show constructive notice.

### b. Constructive Notice

Constructive notice is when "the condition existed for such a length of time that in the exercise of ordinary care the proprietor should have known of it and taken action to remedy it." *Walker*, 511 P.2d at 702. "To prevail on [a] constructive notice theory at trial, Plaintiff would have to establish two facts: 1) the amount of time the [liquid] was on the [ground]; and 2) that amount of time was not reasonable given the circumstances." *Velasco v. Bodega Latina Corp.*, No. CV-18-02340-PHX-ROS, 2019 WL 1787483, at *4 (D. Ariz. Apr. 24, 2019).

---

[1] Defendant exclusively argues that it did not have notice. (Doc. 31 at 3-6).

In this case, Defendant's surveillance video footage shows Mrs. Baldwin falling at 4:08:44 PM. (Doc. 42 (received by the Clerk's office on April 4, 2025)). The hazard itself does not appear visible to the Court in the footage. Thus, the video footage alone does not establish constructive notice. According to Defendant's "Daily Floor Walk / Safety Inspection" log for the day of the incident, a Costco employee conducted a floor walk from 3:56 PM to 4:08 PM. (Doc. 41 at 2). The inspector-employee's initials for that floor walk represent that the employee inspected "all zones/areas" and addressed any safety issues. (Doc. 41 at 2). Periodic checks like these undermine proof of constructive notice. *Preuss*, 635 P.2d at 1212. Furthermore, without additional evidence, it appears that the spill was present for 12 minutes at most (assuming it occurred right after the employee did the floor walk). *See, e.g., Powell v. QuikTrip Corp.*, No. 1 CA-CV 20-0192, 2021 WL 1549939, at *2 (Ariz. Ct. App. Apr. 20, 2021) (finding no constructive notice where gasoline spill was present for between 15 and 40 minutes). Finally, Plaintiff has presented no other evidence from which a jury could deduce the amount of time that the liquid was on the ground, and this is a fatal blow to the case. *See, e.g., Walker*, 511 P.2d at 702, 704 (affirming summary judgment in favor of defendant where plaintiff did not provide evidence as to how long the substance was on the floor). Plaintiff has therefore not created an issue of fact that Costco had constructive notice. In conclusion, Plaintiff has not established an issue of fact for trial on the element of breach and resultingly, Plaintiff cannot prove the claim of negligence.

## IV.   CONCLUSION

Accordingly,

**IT IS ORDERED THAT** Defendant Costco Wholesale Corporation's motion for summary judgment, (Doc. 31), is **GRANTED** and the Clerk of the Court shall enter judgment in favor of Defendant and against Plaintiff accordingly.

Dated this 30th day of April, 2025.

James A. Teilborg
Senior United States District Judge